

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE

2010 NOV 16 P 8: 19

DEBORAH L. SHIELDS, )
 )
 Plaintiff, )
 )
v. ) Civil Action No. 3:10-CV-494
 ) Phillips / Shirley
SECURITY CREDIT SERVICES, )
LLC, KAY DREIFUERST, AND )
JACOB LAW GROUP, ) Jury Trial Demanded
 )
 Defendants. )
 )
 )

# COMPLAINT

## JURISDICTION AND VENUE

1. Jurisdiction of this Court arises under 28 U.S.C. § 1331 and pursuant to 15 U.S.C. § 1692k(d).

2. This action arises out of Defendants' numerous and multiple violations of the Fair Debt Collection Practices Act, 15 U.S.C. §§ 1692 et seq. ("FDCPA"), in their illegal efforts to collect a consumer debt from Plaintiff.

3. Venue is proper in this District because the acts and transactions occurred here, Plaintiff resides here, and Defendants transact business here.

## PARTIES

4. Plaintiff Deborah L. Shields (hereinafter "Plaintiff") is a natural person who resides in Knox County, Tennessee, and a "consumer" as that term is defined by 15 U.S.C. § 1692a(3).

5. Defendant Security Credit Services, LLC (hereinafter "Defendant Security Credit") is a "debt collector" as that term is defined by 15 U.S.C. § 1692a(6) and a for-profit limited liability company organized in Mississippi, and may be served through its agent for service of process in Tennessee as follows: Corporation Service Company, 2908 Poston Ave., Nashville, TN 37203.

6. Defendant Security Credit is engaged in the business of purchasing alleged charged-off consumer debts and attempting to collect them from consumers.

7. On information and belief, Defendant Security Credit pays less than ten cents on the dollar for the debts it purchases.

8. Defendant Kay Dreifuerst (hereinafter "Defendant Dreifuerst") is a natural person who is an officer of Defendant Security Credit, and is a "debt collector" as that term is defined by 15 U.S.C. § 1692a(6), and may be served at her business address of 2653 W. Oxford Loop, Suite 108, Oxford, MS 38655, or her home address.

9. Defendant Jacob Law Group (hereinafter "Defendant Jacob") is a "debt collector" as that term is defined by 15 U.S.C. § 1692a(6), and they may be served at their business address of 2623 W. Oxford Loop, Oxford, MS 38655-5442.

## FACTUAL ALLEGATIONS

10. Plaintiff incurred an obligation to pay money arising out of a transaction in which the money, property, insurance or services which are the subject of the transaction are primarily for personal, family or household purposes, and is therefore a "debt" as that term is defined by 15 U.S.C. § 1692a(5), namely, a credit card debt originally owed to or serviced by GECC that is allegedly owed in the approximate amount of $2,550.85.

11. Sometime prior to May 13, 2010, Plaintiff's debt was consigned, sold or otherwise transferred to Defendants for collection from Plaintiff.

### *Use of False, Deceptive and Misleading Warrant to Collect Debt*

12. Within one year prior to the filing of this Complaint, a Civil Warrant filed in the General Sessions Court of Knox County, Tennessee were caused to be served on the Plaintiff by Defendants.

13. The Civil Warrant was a "communication" as defined by 15 U.S.C. § 1692a(2) in connection with collection of the debt and in an attempt to collect the debt.

14. The Civil Warrant was prepared, filed and served by Defendant Jacob on behalf of Defendant Security Credit.

15. The Civil Warrant stated that the amount due on the debt was $2,550.85, which "amount includes $1,788.64 which represents principal and accrued interest, reasonable attorney fees in the amount of $596.21, and court cost in the amount of $166.00."

16. "[W]ithout a written contract signed by Defendant, . . . [Plaintiff] may not recover attorney's fees or a contract rate of interest." *Discover Bank v. Henson*, 2008 WL 5272530 at *3, December 18, 2008 (Tenn. Ct. App) (*perm. app. den.* Sup. Ct., June 15, 2009) (quoting, *Holcomb v. Cagle*, 277 S.W.3d 393, 397-98 (Tenn. Ct. App. 2008) (*perm. app. den.* Sup. Ct., December 15, 2008)).

17. On information and belief, Defendant Jacob did not have a copy of the written contract signed by Plaintiff prior to the preparation, filing, and serving the Civil Warrant.

18. On information and belief, the amount of $1,788.64 represented by Defendant Jacob as owed by Plaintiff included interest which accrued at a rate of interest exceeding the

maximum interest rate of 10% per annum allowed under Tennessee law for unwritten contracts.

19. On information and belief, the amount of $1,788.64 represented by Defendants Jacob and Security Credit as owed by Plaintiff included principal which had not been reduced due to misapplication of payments on the balance owed as a result of the addition of interest at a rate exceeding the maximum interest rate of 10% per annum allowed under Tennessee law for unwritten contracts.

20. On information and belief, Defendants Jacob and Security Credit failed to review a copy of the written contract signed by Plaintiff prior to the filing of the Civil Warrant to determine if Defendant Security Credit was entitled to the principal and interest claimed as owed in the Civil Warrant.

21. On information and belief, Defendants Jacob and Security Credit did not maintain procedures reasonably adapted to avoid materially misrepresenting the amount of debt due in the Civil Warrant.

22. Defendant Jacob's reliance on Defendant Security Credit's representation as to the amount allegedly owed by Plaintiff was unreasonable.

23. Defendant Security Credit's reliance on GECC's representation as to the amount allegedly owed by Plaintiff was unreasonable.

24. The Civil Warrant stated an amount due attorney fees, $596.21, which amount was not expressly authorized by the agreement creating the debt or permitted by law.

25. By materially misrepresenting the amount of debt owed by Plaintiff by falsely stating that Defendant Security Credit was owed (a) interest which exceeded the maximum interest rate of 10% per annum allowed under Tennessee law for unwritten contracts, (b)

principal which had not been reduced due to misapplication of payments on the balance owed as a result of the addition of interest at a rate exceeding the maximum interest rate of 10% per annum allowed under Tennessee law for unwritten contracts, and (c) attorney fees not expressly authorized by the agreement creating the debt or permitted by law, Defendants falsely represented the character, amount and legal status of the debt in violation of 15 U.S.C. § 1692e(2)(A) and the false representation of the character, amount or legal status of the debt is the use of a false, deceptive, and misleading representation or means in connection with collection of the debt to collect or attempt to collect the debt, in violation of 15 U.S.C. §§ 1692e and 1692e(10).

26. By filing the Civil Warrant which falsely stated that Plaintiff owed principal and interest of $1,788.64 and attorney fees of $596.21, Defendant Jacob communicated credit information to the General Sessions Court and the general public which is known or should be known to be false, in violation of 15 U.S.C. § 1692e(8).

27. By attempting to collect amounts (principal, interest and attorney fees) not expressly authorized by the agreement creating the debt or permitted by law, Defendants violated 15 U.S.C. § 1692f(1).

28. The statement in the Civil Warrant that Plaintiff owed principal and interest in the amount of $1,788.64 and attorney fees in the amount of $596.21 was a material misrepresentation in connection with collection of the debt that would create a false impression in the mind of the least sophisticated consumer that Defendants Jacob and Security Credit had attempted to properly calculate the amount owed prior to filing the Civil Warrant, when they had made no effort to do so, and the amount alleged as owed

was not authorized by the agreement creating the debt or permitted by law, in violation of 15 U.S.C. §§ 1692e, 1692e(5), and 1692e(10).

### *Use of False, Deceptive and Misleading Affidavit to Collect Debt*

29. Within one year prior to the filing of this Complaint, an Affidavit filed in the General Sessions Court of Knox County, Tennessee were caused to be served on the Plaintiff.

30. The Affidavit was a "communication" as defined by 15 U.S.C. § 1692a(2) in connection with collection of the debt.

31. An affidavit filed in support of a Civil Warrant on a sworn account is filed to attest to the correctness of the amount allegedly owed on the account. Tenn. Code Ann. § 24-5-107(a).

32. Defendant Dreifuerst, who authored the Affidavit on May 13, 2010, swore under penalty of perjury that "the affiant is the Vice President of Acquisitions and Portfolio Management for Security Credit Services, LLC, and has personal knowledgeable [sic] of the above-referenced account and thus is authorized to make the statements and representations herein."

33. Defendant Dreifuerst further made oath in the Affidavit:

    (a) "That the account attached to Plaintiff's complaint as Exhibit "A", is just, correct, due, and payable from the debtor, DEBORAH SHIELDS (all caps in original), in the total amount of $1,788.64, inclusive of principle [sic] and accrued interest;

    (b) "That said debt or account is not usurious, and that neither the affiant, nor any person, has received payment in whole or in part thereof, except as credited thereon, and that security has not been received thereon except stated; and

(c) "That Security Credit Services, LLC has purchased this debt and said account has been assigned, transferred and set over unto Security Credit Services, LLC, with full power and authority to do and perform all acts necessary for the collection, settlement, adjustment, compromise or satisfaction of said claim, including the right to pursue legal action."

34. On information and belief, Defendant Dreifuerst did not review any records of the originator of this debt to be able to determine the correct amount of debt owed by Plaintiff, if any, prior to signing the Affidavit.

35. On information and belief, Defendant Dreifuerst did not have access to any of the records of the originator of this debt to be able to determine the correct amount of debt owed by Plaintiff, if any, prior to signing the Affidavit.

36. On information and belief, the only records held by Defendant Security Credit at the time Defendant Dreifuerst signed the Affidavit were computer records which contained very limited information about Plaintiff's debt.

37. On information and belief, the only records that Defendant Dreifuerst reviewed prior to signing the Affidavit were the computer records of Defendant Security Credit.

38. On information and belief, Defendant Dreifuerst's sworn statements in the Affidavit were made without any personal knowledge of any of the facts asserted as to the amount owed.

39. On information and belief, form affidavits, such as the one filed in the state court lawsuit, are generated automatically by a computer owned by Defendant Security Credit or an agent of Defendant Security Credit upon request and are routinely provided to Defendant Dreifuerst who signs numerous affidavits each day with no personal knowledge of any of the facts asserted in them.

40. On information and belief, after Defendant Dreifuerst places her signature on the affidavits, they are given to another employee of Defendant Security Credit to notarize.

41. On information and belief, Defendant Dreifuerst does not personally appear before the notary and her signature on the affidavits are not witnessed by the notary.

42. On information and belief, Defendant Security Credit filed the state court collection lawsuit against Plaintiff in an attempt to collect the debt using the false, deceptive and misleading Affidavit as the only evidentiary basis to support its claims.

43. On information and belief, Defendant Security Credit did not maintain procedures reasonably adapted to avoid materially misrepresenting the amount of debt allegedly owed in the Affidavit.

44. The attestations made by Defendant Dreifuerst in the Affidavit regarding the debt, including, but not limited to the balance of the debt owed by Plaintiff, were material misrepresentations made without any personal knowledge as to the truth of the statements in violation of 15 U.S.C. § 1692e(2)(A), and the false representation of the character, amount or legal status of the debt is the use of a false, deceptive, and misleading representation or means in connection with collection of the debt to collect or attempt to collect the debt, in violation of 15 U.S.C. §§ 1692e and 1692e(10), and is an unfair means to collect or attempt to collect the debt in violation of 15 U.S.C. § 1692f.

45. On information and belief, Defendant Security Credit engages in a pattern and practice of filing lawsuits knowingly using false, deceptive, and misleading affidavits signed by persons who lack personal knowledge of the truthfulness of the matters attested to.

8
Case 3:10-cv-00494-TWP-CCS   Document 1   Filed 11/16/10   Page 8 of 15   PageID #: 8

46. On information and belief, Defendant Security Credit uses virtually identical form affidavits in these lawsuits, alleging facts that are not in possession of Defendant Security Credit and to which its officers, employees and/or agents have no personal knowledge.

47. By filing the state court collection lawsuit against Plaintiff in an attempt to collect the debt while knowingly using the Affidavit signed by Defendant Dreifuerst who lacked personal knowledge of the matters asserted to and which alleged facts not in her possession, Defendants violated 15 U.S.C. § 1692e(5), and the threat to take any action that cannot legally be taken is the use of a false, misleading and deceptive representation or means to collect or attempt to collect the debt, in violation of 15 U.S.C. §§ 1692e and 1692e(10).

48. By filing the state court collection lawsuit against Plaintiff in an attempt to collect the debt with the use of a false, deceptive, misleading affidavit that represents to Plaintiff and the General Sessions Court that Defendants have actual knowledge of the balance of the debt owed by Plaintiff was a false, deceptive, or misleading representation in connection with collection of the debt that would create a false impression in the mind of the least sophisticated consumer that Defendants had the legal right to attempt to collect the debt and for the amount they were attempting to collect, in violation of 15 U.S.C. §§ 1692e, 1692e(5), and 1692e(10).

49. On information and belief, Defendants Dreifuerst and Security Credit did not have a copy of the written contract signed by Plaintiff prior to preparing and filing the Affidavit.

50. On information and belief, the amount of $1,788.64 represented in the Affidavit by Defendant Dreifuerst as owed by Plaintiff included interest which accrued at a rate of

9
Case 3:10-cv-00494-TWP-CCS   Document 1   Filed 11/16/10   Page 9 of 15   PageID #: 9

interest exceeding the maximum interest rate of 10% per annum allowed under Tennessee law for unwritten contracts.

51. On information and belief, the amount of $1,788.64 represented in the Affidavit by Defendant Dreifuerst as owed by Plaintiff included principal which had not been reduced due to misapplication of payments on the balance owed as a result of the addition of interest at a rate exceeding the maximum interest rate of 10% per annum allowed under Tennessee law for unwritten contracts.

52. On information and belief, Defendant Dreifuerst failed to review a copy of the written contract signed by Plaintiff prior to executing the Affidavit to determine if Defendant Security Credit was entitled to the principal and interest claimed as owed in the Civil Warrant.

53. On information and belief, Defendant Security Credit did not maintain procedures reasonably adapted to avoid materially misrepresenting the amount of debt due in the Affidavit.

54. By materially misrepresenting in the Affidavit the amount of debt owed by Plaintiff by falsely stating that Defendant Security Credit was entitled to (a) interest which exceeded the maximum interest rate of 10% per annum allowed under Tennessee law for unwritten contracts, and (b) principal which had not been reduced due to misapplication of payments on the balance owed as a result of the addition of interest at a rate exceeding the maximum interest rate of 10% per annum allowed under Tennessee law for unwritten contracts, Defendants falsely represented the character, amount and legal status of the debt in violation of 15 U.S.C. § 1692e(2)(A) and the false representation of the character, amount or legal status of the debt is the use of a false, deceptive, and misleading

representation or means in connection with collection of the debt to collect or attempt to collect the debt, in violation of 15 U.S.C. §§ 1692e and 1692e(10).

55. By filing the Affidavit which falsely stated that Plaintiff owed $1,788.64, Defendant Security Credit communicated credit information to the General Sessions Court and the general public which is known or should be known to be false, in violation of 15 U.S.C. § 1692e(8).

56. By attempting to collect amounts (principal and interest) not expressly authorized by the agreement creating the debt or permitted by law, Defendants Dreifuerst and Security Credit violated 15 U.S.C. § 1692f(1).

57. The statement in the Affidavit that Plaintiff owed $1,788.64 was a material misrepresentation in connection with collection of the debt that would create a false impression in the mind of the least sophisticated consumer that Defendants Dreifuerst and Security Credit had attempted to properly calculate the amount owed prior to filing the Civil Warrant, when they had made no effort to do so, and the amount alleged as owed was not authorized by the agreement creating the debt or permitted by law, in violation of 15 U.S.C. §§ 1692e, 1692e(5), and 1692e(10).

### *Summary*

58. The above-detailed conduct by Defendants in connection with collection of the debt, including, but not limited to falsely representing the character, amount, or legal status of the debt, threatening to take any action that cannot legally be taken or that is not intended to be taken, by communicating credit information which is known or which should be known to be false, using false representations or deceptive means to collect or attempt to collect the debt, and by attempting to collect amounts not expressly authorized by the agreement

creating the debt or permitted by law, was conduct in violation of numerous and multiple provisions of the FDCPA including, but not limited to the above-cited provisions of the FDCPA.

### *Respondeat Superior Liability*

59. The acts and omissions of Defendant Dreifuerst as an agent for Defendant Security Credit and who communicated with Plaintiff as more further described herein, were committed within the time and space limits of her agency relationship with her principal, Defendant Security Credit.

60. The acts and omissions by Defendant Dreifuerst were incidental to, or of the same general nature as, the responsibilities she was authorized to perform by Defendant Security Credit in collecting consumer debts.

61. By committing these acts and omissions against Plaintiff, Defendant Dreifuerst was motivated to benefit her principal, Defendant Security Credit.

62. Defendant Security Credit is therefore liable to Plaintiff through the Doctrine of Respondeat Superior for the intentional and negligent acts, errors and omissions done in violation of federal law by the debt collectors employed as agents by Defendant Security Credit including, but not limited to violations of the FDCPA, in their attempts to collect this debt from Plaintiff.

### **TRIAL BY JURY**

63. Plaintiff is entitled to and hereby respectfully demands a trial by jury. US Const. amend. 7. Fed.R.Civ.P. 38.

## CAUSES OF ACTION

### COUNT I.

### VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT

### 15 U.S.C. §§ 1692 *et seq.*

64. Plaintiff incorporates by reference all of the above paragraphs as though fully stated herein.

65. The foregoing acts and omissions of Defendants constitute numerous and multiple violations of the FDCPA including, but not limited to each and every one of the above-cited provisions of the FDCPA, 15 U.S.C. §§ 1692 *et seq.*, with respect to Plaintiff.

66. As a result of Defendants' violations of the FDCPA, Plaintiff is entitled to actual damages pursuant to 15 U.S.C. § 1692k(a)(1), in an amount to be determined at trial by a jury; statutory damages in the amount of $1,000.00 pursuant to 15 U.S.C. § 1692k(a)(2)(A); and, reasonable attorney's fees and costs pursuant to 15 U.S.C. § 1692k(a)(3) from each and every Defendant.

### PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff prays that judgment be entered against each and every Defendant:

### COUNT I.

### VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT

### 15 U.S.C. § 1692 et seq.

- for an award of actual damages pursuant to 15 U.S.C. § 1692k(a)(1) against each and every Defendant and for Plaintiff, in an amount to be determined at trial by a jury;

- for an award of statutory damages of $1,000.00 pursuant to 15 U.S.C. §1692k(a)(2)(A) against each and every Defendant, and for Plaintiff;

- for an award of costs of litigation and reasonable attorney's fees pursuant to 15 U.S.C. § 1692k(a)(3) against each and every Defendant and for Plaintiff; and
- for such other and further relief as may be just and proper.

11/16/10

Respectfully submitted,

**DEBORAH L. SHIELDS**

_____
Alan C. Lee, Esq., BPR # 012700
Attorney for Plaintiff
P. O. Box 1357
Morristown, TN 37816-1357
(423) 736-0201
info@alanlee.com

14

# VERIFICATION OF COMPLAINT AND CERTIFICATION

STATE OF TENNESSEE )
COUNTY OF KNOX )

Plaintiff Deborah L. Shields, having first been duly sworn and upon oath, deposes and says as follows:

1. I am a Plaintiff in this civil proceeding.

2. I have read the above-entitled civil Complaint prepared by my attorney and I believe that all of the facts contained in it are true, to the best of my knowledge, information and belief formed after reasonable inquiry.

3. I believe that this civil Complaint is well grounded in fact and warranted by existing law or by a good faith argument for the extension, modification, or reversal of existing law.

4. I believe that this civil Complaint is not interposed for any improper purpose, such as to harass any Defendant(s), cause unnecessary delay to any Defendant(s), or create a needless increase in the cost of litigation to any Defendant(s), named in the Complaint.

5. I have filed this civil Complaint in good faith and solely for the purposes set forth in it.

6. Each and every exhibit I have provided to my attorneys which has been attached to this Complaint is a true and correct copy of the original.

7. Except for clearly indicated redactions made by my attorneys where appropriate, I have not altered, changed, modified, or fabricated these exhibits, except that some of the attached exhibits may contain some of my own handwritten notations.

Date: 11-12-10     By: _Deborah L. Shields_
                        Deborah L. Shields

Subscribed and sworn to before me this 12th day of November 2010.

_Notary Public_  Exp 11-23-13

(SHERYL MORRIS, STATE OF TENNESSEE NOTARY PUBLIC, KNOX COUNTY)